UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL NO. 10-51

versus                                      SECTION: "I"

JEFFREY LEHRMANN

    The government's request for reconsideration of this Court's denial of the motion to continue sentencing is **GRANTED**. Having considered the government's request for reconsideration as well as the applicable law, the underlying motion is **DENIED.**

    The government's arguments in support of its motion can be divided into two categories. First, the government questions whether this Court would have jurisdiction to entertain a motion filed pursuant to Rule 35(b)(2)(B) of the Federal Rules of Criminal Procedure if the motion is filed more than one year after this defendant's sentencing date. Second, the government argues that sentencing this defendant before his cooperation is complete would not serve the "interests of all parties." The Court will address both of these arguments in turn.

    First, the Court is confident that its legal interpretation is correct relative to the application of Rule 32(b)(2)(B). As the government notes in its memorandum, two other

United States District Courts have issued opinions in accord with this Court's legal interpretation. The government has not identified a single district or appellate court opinion to the contrary. Notwithstanding its lack of authority, the Court notes that the government is not precluded, if it so chooses, from filing a motion for reduction of sentence prior to the one (1) year deadline set forth by the above-mentioned rule. The Court may maintain the motion for reduction under advisement beyond the one (1) year date.[1]

The government's second argument voices concern that the "plea agreement" with this defendant serves the government's interest in obtaining full and honest cooperation from this defendant, that defendant should receive the full benefit of his cooperation, and that the agreement serves the Court's interest in crafting an appropriate sentence based upon the most complete available record. The government also expresses concern that this defendant will have less incentive to fully cooperate, and nothing left to gain from complete cooperation, if he has been sentenced as scheduled by this Court.

---

[1] See e.g., Hopkins v. United States, CR.A. 2:97CR9-03, Civ.A. 2:01CV803, 2002 WL 31953754 (E.D.Va. March 29, 2002) The government would be free to supplement its motion prior to the date that such request is actually ruled upon by the Court.

Relative to the government's anxiety regarding Mr. Lehrmann's incentive to continue to fully cooperate, the government would be well-served to review the plea agreement that it crafted and executed along with the defendant. The plea agreement is contingent upon Mr. Lehrmann's complete and truthful cooperation. Mr. Lehrmann's failure to abide by his plea agreement can result in a voiding of the agreement as well as other adverse consequences.[2]

The government's concern that defendant will have completed his sentence before his future trial testimony and that he will be less interested in cooperating if he is sentenced as scheduled is misplaced. The government's position ignores the fact that this Court has not yet been asked to determine whether this defendant will continue to remain on bond pending execution of sentence.

The Court also disagrees with the government's argument that if Mr. Lehrmann is sentenced as scheduled, other defendants or targets may be dissuaded from cooperating as they will not trust

---

[2] See United States v. Ataya, 864 F.2d 1234 (7th Cir. 1988).

Mr. Lehrmann has an abundance of motivation to continue to fully and truthfully cooperate. Mr. Lehrmann has already received the benefit of a plea agreement that limits his maximum exposure to a term of three years imprisonment. Furthermore, it is only through continued cooperation that Mr. Lehrmann can hope for a reduction of sentence.

the fact that their full cooperation will be considered.  For legal reasons previously assigned, such argument is rejected.  Furthermore, if other police officers have engaged in criminal conduct similar to that undertaken by defendant and other cooperating law enforcement officers, such defendants or targets may have an incentive, as opposed to a disincentive, to limit their exposure through cooperation.

The government also expresses interest in continuing Mr. Lehrmann's sentencing in order to satisfy the "interests of all parties" and the "ends of justice."  The Court shares the government's interest in obtaining as much information as possible both on the date of sentencing and prior to the Court deciding a motion for reduction of sentence.  The Court is confident that defendant's interests, as well as the interests of the government, will not be shortchanged by defendant being sentenced as scheduled.  For reasons stated, any motion for reduction based upon continued cooperation will be addressed by this Court following the completion of such cooperation.

Supporting this Court's belief that sentencing should go forward as scheduled is the fact that, as admitted to in the factual basis, Mr. Lehrmann knew for at least "four years" prior to

his cooperation that NOPD officers had committed the crimes of obstruction of justice and engaging in misleading conduct. He did nothing during that approximate four year period of time to report such crimes to federal authorities. Now that the facts set forth in the factual basis have come to light, no longer being camouflaged and distorted by the defendant and others, the need to address the gravity of such meretricious, immoral, and unlawful conduct weighs heavily in favor of proceeding forward as scheduled. Accordingly, the presently scheduled September 16, 2010 sentencing date remains as scheduled.

New Orleans, Louisiana, this __31st__ day of __August,__ 2010.

                                                  _____
                                                  **LANCE M. AFRICK**
                                                  **UNITED STATES DISTRICT JUDGE**